# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | |
|---|---|
| Richard Stipanovic,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Wal-Mart Stores East, LP,<br><br>　　　　　　　Defendant. | Case No.: 0:16-641-MBS<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff Richard Stipanovic ("hereinafter "Plaintiff") hereby complains of the Defendants as follows:

## PARTIES

1. Plaintiff is a citizen and resident of the County of Mecklenburg, State of North Carolina.

2. Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart") is a corporation organized under the laws of the State of Delaware and is doing business in the various counties of the State of South Carolina including the County of Lancaster.

## JURISDICTION & VENUE

3. This Court has subject-matter jurisdiction, arising under 28 U.S.C. § 1332, over the claims in this lawsuit because the parties are citizens of different states and the value of the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

4. This Court has personal jurisdiction because the events giving rise to the matter in controversy occurred within the State of South Carolina.

5. Venue is proper under 28 U.S.C. § 1391(b), as all events giving rise to the claims occurred in this district.

6. Venue is proper in this division pursuant to Local Civil Rule 3.01 DSC.

## FACTUAL ALLEGATIONS

7. Plaintiff was a customer of Defendant's Indian Land location in the County of Lancaster, State of South Carolina, on or about November 5, 2013.

8. As another customer was leaving Defendant's store prior to Plaintiff entering, the other customer caused an unsecured and/or improperly secured Wal-Mart advertising sign near the store's entranceway to move into the entranceway aisle.

9. The aforementioned unsecured and/or improperly secured Wal-Mart advertising sign was placed near the store entranceway by employees and/or agents of Defendant.

10. All negligent acts or omissions of Defendant's employees or agents are imputed to Defendant pursuant to the doctrine of *respondeat superior* and the theory of agency.

11. At the time that Defendant's employees and/or agents placed the unsecured and/or improperly secured Wal-Mart advertising sign near Defendant's store entranceway, it was reasonably foreseeable that the unsecured and/or improperly secured Wal-Mart advertising sign could be moved into the store's entranceway by the foreseeable, regular, and expected movements of Defendant's store patrons.

12. Further, at the time that Defendant's employees and/or agents placed the unsecured and/or improperly secured Wal-Mart advertising sign near Defendant's store entranceway, the sign should have been secured in a manner so as to prevent its movement into the entranceway aisle of Defendant's store.

13. Upon information and belief, the placement of the sign and the failure to properly secure the sign violated standards adopted by the Defendant regarding same.

14. Moments after the other customer was leaving Defendant's store and caused the unsecured and/or improperly secured Wal-Mart advertising sign to move into the entranceway aisle, Plaintiff tripped over the unsecured and/or improperly secured sign and suffered serious physical injuries as a result of his fall.

### FIRST CAUSE OF ACTION
#### Negligence

15. Each and every allegation contained in the preceding paragraphs is reiterated as if repeated verbatim to the extent it is not inconsistent with this cause of action.

16. At all times relevant herein, Defendant owed a duty to its patrons to:

(a) Keep its entranceways, aisles, and passageways in a reasonably safe condition and free from obstructions and foreseeable dangers;

(b) Properly place and secure its advertising signs in a manner that would not permit them to be moved into a position endangering its patrons by the foreseeable, regular, and expected movements of other store patrons;

(c) Adhere to its own intra-corporate policies in properly placing and securing signs and other forms of advertising; and,

(d) Provide reasonable care to all lawful visitors of its premises.

17. At all times relevant herein, it was reasonably foreseeable that a customer exiting the store with their personal belongings and purchased merchandise could and would come into contact with the unsecured and/or improperly secured Wal-Mart advertising sign causing it to move into the Defendant's store entranceway to the detriment of customers walking into Defendant's store, including but not limited to Plaintiff.

18.     Wal-Mart breached the aforementioned duties, specifically the duty to keep its entranceways, aisles, and passageways in a reasonably safe condition, by creating the condition which made its aisles and passageways unreasonably safe, including, *inter alia*, placing an unsecured and/or improperly secured sign near the highly trafficked entranceway, failing to secure the Defendant's Wal-Mart advertising sign so that it could not protrude into the store's entranceway, failing to adequately monitor the condition of the sign to prevent it from protruding into the entranceway, and in such other and further ways as may be proven at trial or during the discovery process.

19.     As a direct and proximate cause of Defendant's breach of the aforementioned duties, by and through its employees and agents pursuant to the doctrine of *respondeat superior* and the theory of agency, Plaintiff has suffered actual damages including, *inter alia*, reasonable and necessary medical treatment and expenses, pain and suffering, consequential damages, compensatory damages, hedonic damages, and other such damages as may be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be rendered against the Defendant as follows:

    a.    For actual damages, compensatory damages, and consequential damages as may be proven at trial;

    b.    For prejudgment interest, postjudgment interest, attorney's fees, and costs; and,

    c.    For such other and further relief as the Court may deem just and proper.

**THE LAW OFFICES OF JASON E. TAYLOR, P.C.**

<u>/s/ Brian C. Gambrell</u>
Brian C. Gambrell (Fed ID NO: 7632)
<u>Office Address:</u>
1122 Lady Street, Suite 1020
Columbia, SC 29201
<u>Mailing Address:</u>
P.O. Box 2688
Hickory, NC 28603
Telephone: (800) 351-3008
Facsimile: (803) 610-1931
bgambrell@jasonetaylor.com
*Attorney for Plaintiff*

Columbia, South Carolina
February 5 2016