IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| RICHARD STIPANOVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 0:16-cv-00641-MBS |
| v. ) | |
| ) | |
| ) | |
| WAL-MART STORES EAST LP, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| ) | |

    Plaintiff Richard Stipanovic ("Plaintiff") filed this action on February 29, 2016, alleging that Defendant Wal-Mart Stores East LP ("Defendant") negligently maintained its premises at its store in Indian Land, South Carolina, causing him to suffer injuries.

## I.  FACTS

    A pricing sign was placed near the store entranceway by employees and/or agents of Defendant on November 5, 2013.  A customer leaving Defendant's store dislodged the sign with her cart, causing the sign to encroach on the entranceway to the store.  A few moments later, Plaintiff tripped over the sign and suffered physical injuries as the result of his fall.

    Defendant filed a motion for summary judgment on November 3, 2016.  Plaintiff filed a response in opposition on March 3, 2017, to which Defendant filed a reply on March 10, 2017.  The court held a hearing on Defendant's motion for summary judgment on June, 20, 2017.

## II.  STANDARD OF REVIEW

    Pursuant to Federal Rules of Civil Rule 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and is entitled to

judgment as a matter of law. The evidence presents a genuine issue of material fact if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 24, 251-52 (1986). Any inference drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold*, *Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S 317-23 (1986). Once the movant has made this showing, the non-moving party must demonstrate specific, material facts that give rise to a genuine issue. *Id.* at 324. A "mere scintilla" of evidence is insufficient to overcome the summary judgment motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

### III. DISCUSSION

To prove negligence in a slip and fall case, the plaintiff must show either that the defendant or defendant's agents either created a hazardous condition or had notice of it. *Anderson v. Racetrac Petroleum, Inc.*, 371 S.E.2d 530, 531 (S.C. 1988). Plaintiff asserts in response to Defendant's motion for summary judgment that Defendant created the allegedly dangerous condition. Plaintiff alleges that by simply placing the insecure and/or improperly secured sign in close proximity to the "heavily-trafficked" store entrance, it was "reasonably foreseeable" that the sign "could be moved into the store's entranceway by the foreseeable, regular, and expected movements of Defendant's customers." ECF No. 26, 3. The question becomes, then, whether the unsecured pricing sign was indeed dangerous and created a hazardous condition.

"A merchant is not an insurer of the safety of his customers, but rather owes them the duty to exercise ordinary care to keep the premises in a reasonably safe condition." *Cook v.*

2

*Food Lion*, 491 S.E.2d 690, 691 (S.C. Ct. App. 1997). The finding of dangerousness is based on the evidence in the record and the showing that the defendant was aware of the tendency of a dangerous condition to exist. *Id.*

In *Cook v. Food Lion*, the plaintiff tripped on a wrinkled floor mat near the exit of the store. *Cook*, 491 S.E.2d at 691. The court held that the defendant had created a dangerous condition by placing a wrinkled floor mat near the exit of the store, because several employees testified that the mats were often wrinkled or crumpled. *Id.* at 691-92. The *Cook* court's finding of dangerousness was based on evidence showing that the mats were often in a dangerous wrinkled state. *Id.*

Conversely, in *Sellers v. JC Penney*, the plaintiff tripped on a torn rug at the entrance of a JC Penney store. Civil Action No. 5:10-2568-MBS, 2011 WL 5105470, *1 (D.S.C. Oct. 27, 2011). This court found that the plaintiff failed to produce evidence showing that any store employee was aware of the tendency of the rug to tear or otherwise become dangerous. *Id.* at *3. Accordingly, the evidence in the record did not establish that the defendant had created a dangerous condition. *Id.*

In the present case, similar to *Sellers,* there is no evidence to suggest that the sign was placed in such a manner as to create an unreasonable risk of harm. The pricing sign was placed at or near a display of merchandise. There is no evidence the sign was placed in such a way to impede customers or that Defendant or its employees were aware of the tendency of pricing signs to become displaced or otherwise become dangerous.

At oral argument, Plaintiff's counsel referenced, for the first time, a confidential employee handbook to suggest that Defendant created a dangerous condition by failing to properly place or properly secure the pricing sign in accordance with its company policy.

3

Plaintiff quoted a section on improperly placed or improperly secured merchandise to support its argument. However, Plaintiff has put forth no evidence showing that the sign was in fact, improperly placed or improperly secured. Evidence suggests the sign was in its proper place until another customer's cart bumped the sign, causing it to become displaced.

## IV. CONCLUSION

The court concludes that no reasonable jury could find that Defendant created a hazardous condition and thus breached a duty to Plaintiff. Defendant's motion for summary judgment (ECF No. 15) is **granted**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 17, 2017